**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RA P. SHIPPS,**

       **Plaintiff,**

**v.**                                                            **Case No: 6:14-cv-918-Orl-36TBS**

**PROSECUTOR, STATE OF FLORIDA**
**DIVISION #62, et al.,**

       **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Ra P. Shipps' ("Plaintiff") *pro se* Motion for Temporary Restraining Order ("Motion") (Doc. 9), filed on June 26, 2014. Plaintiff's handwritten Motion is largely illegible and incomprehensible, but it appears to be a renewal of his earlier motion for a temporary restraining order (Doc. 6) and accompanying memorandum (Doc. 7), in which he requested an *ex parte* temporary restraining order mandating sequestration of, and appointment of a receiver for, certain documents relating to arrests made by the Orlando Police Department. As with his previous request, Plaintiff's Motion will be denied, as it does not comply with the Federal Rules of Civil Procedure or the Local Rules of this Court.

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Samson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Additionally, the movant's attorney or

the movant, if proceeding without an attorney, must certify in writing any efforts made to give notice and the reasons why notice should not be given. *Id*. Similarly, under the Local Rules, a motion for a temporary restraining order must be supported by "allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for the [temporary restraining order] is impractical if not impossible." M.D. Fla. R. 4.05(b)(2).

Because Plaintiff's Motion is mostly illegible and incomprehensible, it is difficult to discern exactly what he has written. However, as the Court previously explained, *see* Doc. 8, it does not appear that the Third Amended Complaint was properly verified. In addition, Plaintiff's Motion is not verified and it again fails to identify any efforts he made to give notice of this matter to Defendants. Further, Plaintiff does not explain why notice should not be required. Additionally, because the Motion is incomprehensible, the Court cannot make any assessment as to whether the prerequisites for the issuance of a temporary restraining order have been met. As Plaintiff has not met the requirements for issuance of a temporary restraining order, his Motion will be denied.[1]

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Ra P. Shipps' Motion for Temporary Restraining Order (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2014.

---

[1] Plaintiff's filing also includes pages labelled "Motion for Reconsideration" and "Appeal". Doc. 9 at 9, 11. However, these pages are unintelligible. To the extent Plaintiff seeks reconsideration of an order, he will need to file a separate motion asking for such. If he seeks to file an appeal, he needs to file a notice of appeal. *See* Fed. R. App. P. 3, 4.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties