UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RA P. SHIPPS and SS FAMILY TRUST,

      Plaintiffs,

v.                                            Case No:  6:14-cv-918-Orl-40TBS

STATE OF FLORIDA, '35;62
PROSECUTOR'S OFFICE, DIVISION
'35;62 PROSECUTORS, ORLANDO
POLICE DEPARTMENT, CARRIBBEAN
AMERICAN HERITAGE MONTH
FESTIVAL and PRIVATE EMPLOYERS
OF ORLANDO POLICE DEPARTMENT
OFF-DUTY OFFICERS,

      Defendants.
_____

## REPORT AND RECOMMENDATION

      The district judge has referred to me, for report and recommendation, Plaintiff's *In*

*Forma Pauperis* Motion.   (Doc. 32).   Upon due consideration I respectfully recommend

that the Court **deny** the motion and **dismiss** this action without further leave to amend.

### Background

      Plaintiff Ra P. Shipps initially filed this lawsuit on behalf of himself and "Plaintiffs to

be named," against the State of Florida, Division #62 Prosecutor's Office, Division #62

Prosecutors, Orlando Police Department, Caribbean American Heritage Month Festival,

and Private Employers of Orlando Police Department Off-Duty Officers.   (Doc. 1).   The

complaint has been amended four times.   (Docs. 3-5, 31).   The latest iteration of the

complaint is brought by "SS Family Trust and Plaintiffs to be named."   (Doc. 31).   Ra P.

Shipps no longer brings the action on his own behalf.   (Id.).

      The Fourth Amended Complaint ("FAC") includes both comprehensible,

incomprehensible, and non-sensical allegations.   What I am able to discern from the

FAC are allegations that private employers are hiring off-duty Orlando Police officers to

work at their establishments.   The Trust and plaintiffs to be named patronize those

establishments.   Plaintiffs have an expectation of privacy, and that they will be free from

unreasonable searches and seizures.   They have been confronted by off-duty police

officers upon suspicion of the commission of misdemeanor crimes.   Although privately

employed, the off-duty officers identify themselves as "state actors."   The common law

allegedly prohibits the off-duty officers from touching, tasering, apprehending, arresting,

handcuffing, and searching Plaintiffs when investigating the commission of misdemeanor

crimes unless the off-duty officers have the consent of their private employers.   The off-

duty officers are unlawfully taking action without the consent of their private employers.

Plaintiffs are damaged when they pay money to post bail, "hire a bar sanctioned

representative to get out of jail," or are unable to post bond and remain in jail.   They are

also damaged when the arrest reports are used by the State Attorney's office to pursue

criminal prosecutions.   Plaintiffs complain that the state of Florida and other un-named

defendants have failed to train the police officers and assistant state attorneys to do their

jobs properly.   The FAC incorporates by reference the causes of action and prayer for

relief contained in the Third Amended Complaint ("TAC").[1]   (Doc. 31).

---

[1] The TAC lists the following "causes of action:" "OPDODO's Have A Duty to Adhere to Citizens Arrest Law When Working For A Private Employer; OPDODO's Have a Duty to Obtain Their Private Employer's Consent Prior to Laying Hands Upon Plaintiffs, in the Absence of Personally Witnessing a Felony; OPDODO's Have A Duty to Obtain Defendant Class Private Employers Consent prior to contacting OPD; OPDODO's Have a Higher Duty of Care With Respect to Plaintiffs because of the FDLE Law Enforcement Officer Ethical Standards of Conduct; Employers of OPDODO's are Liable for Negligence and Gross Negligence of OPDODO's; OPD Has A Duty to Train ODO's to Adhere to Citizens Arrest Law When Working For A Private Employer; OPD Has A Duty to Train ODO's to Obtain Their Private Employer's Consent Prior to Laying Hands Upon Plaintiffs, in the Absence of Personally Witnessing a Felony; OPD Has A Duty Train ODO's to Obtain Their Private Employers Consent prior to contacting OPD; OPD Has a Higher Duty of Care With Respect to Plaintiffs because of the FDLE Law Enforcement Officer Ethical Standards of Conduct; OPD is Liable for Negligence and Gross Negligence of OPDODO's; Abuse of Discretion; Violation

## Discussion

The FAC and pending *in forma pauperis* motion are filed on behalf of "SS Family Trust."   (Doc. 31).   There are no allegations that substitution of the Trust as a party is proper under Rule 25.   There are no allegations that an actual trust exists, or who the settlor, beneficiaries, or trustees are.   There are no allegations showing that the Trust has standing to pursue this action.[2]   The FAC does not explain how the Trust patronizes any establishments, or how it has been touched, tasered, apprehended, arrested, handcuffed, or searched.   And, there are also no allegations that the former plaintiff, RA P. Shipps legally represents the interests of the Trust.   Accordingly, and because there are no other named Plaintiffs, I recommend that the FAC be dismissed.

Federal district courts are courts of limited jurisdiction.   As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction.   See <u>Steel Co. v. Citizens for a Better Env't.</u>, 523 U.S. 83, 94 (1998).   Parties seeking to invoke the Court's

---

of 4th Amendment; Violation of Due Process; Conspiracy To Deprive Plaintiffs of Constitutional Liberty In Violation of 42 USC 1983; and Petition For Writ Of Habeus Corpus."

The prayer for relief in the TAC requests: "(1)  a preliminary alternative writ of mandamus ordering respondents to make a formal request to the Florida Attorney General for an opinion concerning the aforementioned matters or show cause why they should not make this request; (2) a final order writ of mandamus requiring the Respondent(s) to audit the last four years of (a)Orange County Sheriff Arrest Reports indicating Off-duty officers and their private employers; (b) Accompanying authorizations for use of government vehicles and other government equipment; and (c) Accompanying reimbursement receipts for use of government vehicles and other government equipment, for the limited purpose of detennining the number of hours private employers of OCSO ODO's reimbursed taxpayers for use of government vehicles and other government equipment over the last four years; (3) an order of the court awarding costs, filing fees and reasonable attorney's fees pursuant to Section 119.12 of the Florida Statutes; (4) such other relief as this court deems just and proper."

[2]  "[S]tanding is a threshold test that, if satisfied, permits a federal court to proceed to the question of whether a plaintiff has a cause of action."   <u>Florida Ass'n of Med. Equip. Dealers v. Apfel</u>, 194 F.3d 1227, 1230 (11th Cir. 1999); <u>see also</u> <u>Access for the Disabled, Inc. v. Square, LLC</u>, Case No. 6:07-cv-193-Orl-28JGG, 2007 U.S. Dist. LEXIS 99118, at *3-4 (M.D. Fla. Oct. 4, 2007) (A standing inquiry invokes Fed. R. Civ. P. 12(b)(1) because "standing is a defect in subject matter jurisdiction.").   In determining whether a plaintiff has standing, a district judge must consider many factors, foremost is whether the plaintiff suffered "an invasion of a legally protected interest," otherwise known as an "injury in fact."   <u>Doe v. Pryor</u>, 344 F.3d 1282, 1285 (11th Cir. 2003) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).

jurisdiction must show that the underlying claim is based upon either diversity jurisdiction[3] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). <u>See</u> 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. <u>Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist.</u>, 647 F.3d 1296, 1302 (11th Cir. 2011). After reviewing the TAC, I concluded that the Court lacked subject matter jurisdiction over Plaintiff's claims, and that it failed to satisfy the minimum pleading requirements of FED. R. CIV. P. 8(a). (Doc. 19). The district judge agreed and dismissed this action with leave to amend. (Doc. 26). Then the Trust and plaintiffs to be named filed the FAC and pending motion to proceed *in forma pauperis*. (Docs. 26, 31-32). The FAC asks the Court to "[p]lease adopt jurisdiction and party pleadings contained in TAC." (Doc. 31 at 1). Because the Court has already found that the TAC does not satisfactorily aver subject matter jurisdiction or a cause of action, I recommend the Court find that the FAC fails to sufficiently allege subject matter jurisdiction.

The FAC does refer to the Constitutional right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. To sustain a Fourth Amendment claim for unreasonable search and seizure a Plaintiff must allege that a state actor or an "agent of the government" infringed on his reasonable expectation of privacy. <u>See</u> <u>Mundy v. Hambright</u>, No. CV 213-128, 2014 WL 2895475, at

---

[3] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. <u>See</u> 28 U.S.C. § 1332(a).

*5 (S.D. Ga. June 24, 2014); Fortson v. City of Elberton, __ F.Supp.2d __, Case No. 3:13-cv-97 (CDL), 2014 WL 2515222, at *3 (M.D. Ga. June 4, 2014).

Ordinarily, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).   Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).   Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted); Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).   The Trust has only made conclusory allegations that it had a reasonable expectation of privacy that was violated by Defendants or that the off-duty officers were state actors.   Thus, the Fourth Amendment claim is inadequate and should be dismissed.

The FAC also refers to due process rights under the Fourteenth Amendment which provides in part that "no State shall deprive any person of life, liberty, or property, without due process of law [.]"  U.S. CONST. amend XIV.   Regardless of whether this claim is based upon a procedural or substantive due process rationale, the Trust is still required to show that a constitutionally protected property or liberty interest is at stake.   Cf. Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected

property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); First Assembly of God of Naples, Fla., Inc. v. Collier Cnty., Fla., 20 F.3d 419, 423 (11th Cir. 1994); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due process claim, a plaintiff must prove ... the existence of a protected property or liberty interest."). The Trust has not alleged that Defendants' actions or the consequences of those actions are recognized by law to be a protected property or liberty interest. Accordingly, these allegations are inadequate and this claim should be dismissed.

Title 42 U.S.C. § 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. The purpose of the statute "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The court must therefore, consider the specific federal rights the Trust claims it was deprived of by Defendants. I have already determined that the Trust's Fourth and Fourteenth Amendment allegations are inadequate. None of the Trust's other counts purport to be based on a federal right. Consequently, none of the Trust's allegations aver a basis for Section 1983 liability. I also have grave concerns that because many of the Trust's claims are against the state of Florida or its branches, the named Defendants may be immune from liability under 42 U.S.C. § 1983.

In amending his complaint, Plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, Plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a).   Plaintiff must allege his claims in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.   FED. R. CIV. P. 10.   Relevant facts should be pleaded separately and organized to support the claims to which they apply.   See Beckwith v. Bellsouth Telecomms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005).

The FAC fails to allege any specific incident or incidents which give rise to a claim against any of the Defendants.   It does not explain in anything but vague and conclusory terms how each named Defendant is involved in the alleged violations or what the causal connection is between the Defendants and the injuries allegedly sustained.   Lastly, the FAC does not allege how the Trust was harmed or injured by the actions or omissions of the Defendants.   Therefore, the FAC does not satisfy the minimum pleading requirements of Rule 8(a).

## Recommendation

The FAC represents the fifth unsuccessful attempt to allege a cause of action in this case.   Accordingly, I respectfully recommend that the district court:

1.   **DENY** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 32);

2.   **DISMISS** the case; and

3.   Direct the Clerk to **CLOSE** the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendations.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      *Pro se* Plaintiff